The complaint of plaintiff is as follows:
"1. That the plaintiff is a resident of Buncombe County, North Carolina.
2. That the defendant is a corporation duly organized and existing under the laws of the State of Tennessee, but authorized to do business and doing business in the State of North Carolina.
3. That on 22 June, 1931, the defendant entered into a contract of insurance with Walter Colboch, son of this plaintiff, under the terms *Page 717 
of which and among other provisions the life of said Walter Colboch was insured by the defendant against accidental death in the amount of $1,000, and this plaintiff was named beneficiary, all of which is specifically evidenced by insurance policy No. 611866, a copy of which is hereto attached and asked to be considered a part of this paragraph.
4. That on 20 April, 1932, all premiums provided for in said policy were fully paid, and said policy was in full force and effect.
5. That on or about the said 20 April, 1932, at about 10 o'clock p. m., as this plaintiff is advised, informed and believes, and so alleges, the said Walter Colboch was riding a bicycle on Patton Avenue, a public street in the city of Asheville, North Carolina, and thereby met his death through external violent and accidental means, occasioned by the collision of said bicycle with some vehicle propelled by gasoline, the identity of which said vehicle is not known to this plaintiff.
6. That the death of said assured, Walter Colboch, was immediately reported to the defendant, and all conditions precedent provided for in said policy were and have been complied with, and that said defendant has denied liability under the policy hereinbefore set out and has refused to comply with the terms thereof.
7. That under the terms of said policy there is now due this plaintiff the sum of $1,000 with interest thereon from 20 April, 1932, until paid, all of which has been duly demanded and the payment thereof refused.
Wherefore, this plaintiff prays judgment as follows: (1) For the sum of $1,000, with interest thereon from 20 April, 1932. (2) For the costs of this action to be taxed by the clerk, and for such other and further relief as to the court may seem just and proper."
The material part of the contract of insurance is as follows: "The Independent Life Insurance Company of America, except as is stated in paragraph F of this policy and subject to all the terms and conditions hereof, hereby insures the person named in said schedule against the result of bodily injuries received during the time this policy is in force, and effected solely by external, violent and accidental means strictly in the manner hereafter stated, subject to all the provisions and limitations hereinafter contained, as follows: (a) If the insured shall be struck by a vehicle which is propelled by steam, cable, electricity, naphtha, gasoline, horse, compressed air or liquid power, while insured is walking or standing on a public highway, or be struck by any vehicle named above while riding a bicycle on a public highway, which term, public highway, as here used shall not be construed to include any portion of railroad or interurban yards, station grounds, or right of way except where crossed by a thoroughfare dedicated to and used by the public for automobile or horse vehicle traffic." *Page 718 
The defendant denied the material allegations of the complaint and says: "That it is admitted, as alleged in section 5 of the plaintiff's complaint, the said Walter Colboch met his death on 20 April, 1932, and that his body was found on a public street of the city of Asheville, North Carolina, but how it happened is unknown to this defendant, and all other allegations therein contained are untrue and are denied."
The issues submitted to the jury and their answers thereto, were as follows:
"1. Did the insured, Walter Colboch, meet his death as the result of a collision between a gas propelled vehicle and a bicycle which he was riding in a public street or highway? Answer: Yes.
2. What sum, if any, is plaintiff entitled to recover? Answer: $1,000."
The court rendered judgment on the verdict, and defendant made numerous exceptions and assignments of error and appealed to the Supreme Court.
The defendant introduced no evidence, and at the close of plaintiff's evidence made a motion for judgment as in case of nonsuit. C. S., 567. The court below overruled the motion and in this we think there is no error.
The only question involved on this appeal is whether or not there was evidence sufficient to go to the jury that defendant's assured met his death by being struck by a vehicle propelled by gasoline while assured was riding a bicycle on a public highway.
We have read the record, heard the arguments of counsel for the litigants and think there was sufficient competent evidence on the part of plaintiff for the jury to answer the issue in favor of plaintiff. We see no good reason to set forth the evidence, and find no prejudicial or reversible error.
No error.